Harvey E. Larson P-82258
_____
Name and Prisoner/Booking Number

California Correctional Institution
_____
Place of Confinement

C3-236, P.O. Box 1905
_____
Mailing Address

Tehachapi, CA 93581
_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

2018 NOV 20 P 12: 50

STEPHEN C. DRIES
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Harvey Eugene Larson _____, )<br>(Full Name of Plaintiff)    Plaintiff, )<br> )<br>    v.    )<br> )<br>(1) John Doe, Judge _____, )<br>(Full Name of Defendant) )<br>(2) John Doe, Prosecutor _____, )<br> )<br>(3) John Doe, Public Defender _____, )<br> )<br>(4) City and County of Kenosha, Wisconsin _, )<br>         Defendant(s). )<br>☒ Check if there are additional Defendants and attach page 1-A listing them. __) | CASE NO. **18-C-1832**<br>(To be supplied by the Clerk)<br><br>**CIVIL RIGHTS COMPLAINT**<br>**BY A PRISONER**<br><br>☒ Original Complaint<br>☐ First Amended Complaint<br>☐ Second Amended Complaint |

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:

    ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

    ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

    ☐ Other: _____.

2. Institution/city where violation occurred: <u>City of Kenosha, Wisconsin</u>                    .

## B. DEFENDANTS

1. Name of first Defendant: <u>Jane or John Doe</u>. The first Defendant is employed as:
<u>Judge</u> at <u>Kenosha County Courthouse</u>.
           (Position and Title)                (Institution)

2. Name of second Defendant: <u>Jane or John Doe</u>. The second Defendant is employed as:
<u>Prosecutor</u> at <u>Kenosha County Courthouse</u>.
           (Position and Title)                (Institution)

3. Name of third Defendant: <u>Jane or John Doe</u>. The third Defendant is employed as:
<u>Public Defender</u> at <u>Kenosha County Courthouse</u>.
           (Position and Title)                (Institution)

4. Name of fourth Defendant: <u>City and County of Kenosha</u>. The fourth Defendant is employed as:
<u>Respondeat Superior</u> at <u>Kenosha County Courthouse</u>.
           (Position and Title)                (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☒ Yes ☐ No

2. If yes, how many lawsuits have you filed? <u>32</u>. Describe the previous lawsuits:

    a. First prior lawsuit:
        1. Parties: <u>Attached pages</u> v. _____
        2. Court and case number: _____.
        3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____

    b. Second prior lawsuit:
        1. Parties: _____ v. _____
        2. Court and case number: _____.
        3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____

    c. Third prior lawsuit:
        1. Parties: _____ v. _____
        2. Court and case number: _____.
        3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

Case 2:18-cv-01832-WCG   Filed 11/20/18   Page 2 of 20   Document 1

5.  Name of fifth Defendant: Jane or John Doe            . The fifth Defendant is employed as:
                              Warden           at Waupan State Prison and medium security
         (Position and Title)                 facilities       (Istitution)

# D. CAUSE OF ACTION

## CLAIM I

1. State the constitutional or other federal civil right that was violated: <u>8th Amendment</u>

2. **Claim I.** Identify the issue involved. Check **only one.** State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: <u>False Imprisonment</u>
   - ☐ Medical care
   - ☒ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Broke a window, released the clasp, entered the county building located in city of Kenosha. Left the building. Police arrived. Walked back and gave the lug wrench to the police. Replied that plaintiff broke said window to get in county building. Pled guilty sentenced 3 years for attempted 2nd degree burglary or larceny of a building see NCIC Record #10. The court should of been more lenient in sentencing plaintiff because of turning myself in, returned old lug wrench of minimal value, slight damage to building and pled guilty. 2nd degree burglary is punishable by imprisonment in county jail not exceeding 1 year or in the state prison. An attempt is punished by imprisonment in state prison for ½ the term of imprisonment prescribed upon a conviction of the offense attempted. Half the term of a 3 year sentence is 1½ years with day for day work-time credits (50%) reduction of 1½ years is 8 months to serve and 2 years for a walkaway from a restitution center in Pensacola, Florida see NCIC record #8. Sentence of 1 year in county jail converted a supposed felony GT auto into a misdemeanor. Maximum 1 year sentence for a misdemeanor, eliminated any confinement in a restitution center. Defendants Kenosha County Court exceeded it's jurisdiction in sentencing and could not extradite. Defendant Warden John Doe read court records that charge is only an attempt and 2nd degree burglary.

   NP

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Same as above.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☐ Yes ☒ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☐ Yes ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. <u>Not applicable</u>

3

1  From date 1-1-83 sentenced for attempted 2nd degree burglary until date 5-5-85
2  sentenced for theft of a Yamaha 750cc motorcycle is approximately 2½ years see
3  NCIC Record #11. Reckalect remaining free from confinement 30-45 days. Dates on
4  NCIC Record are moved closer together to make sentence appear less than time had
5  actually served 4 years.

## CLAIM II

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: _____.
   - ☐ Medical care
   - ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☐ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim II?  ☐ Yes  ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level?  ☐ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____.

4

## CLAIM III

1. State the constitutional or other federal civil right that was violated: _____
_____ .

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: _____ .
   - ☐ Medical care
   - ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

5

## E. REQUEST FOR RELIEF

State the relief you are seeking:

_5 million_

_____

_____

_____

_____

_____

_____ .

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _10/25/18_                                    _Harry E. Larson_

                DATE                                    SIGNATURE OF PLAINTIFF


_____

(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____

(Signature of attorney, if any)

_____

_____

(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

| | |
|---|---|
| 1 | Larson v. Hinzhuff |
| 2 | Eastern District, CIVS-04-2521-LKK-GGH-P |
| 3 | Dismissed without prejudice. |
| 4 | Access to law library. |
| 5 | December 15, 2004 |
| 6 | August 25, 2005 |
| 7 | |
| 8 | Larson v. Schwarzenegger |
| 9 | Eastern District, 2:04-CV-2738-EJG-CMK-P |
| 10 | Dismissed without prejudice. |
| 11 | Tobacco ban. |
| 12 | December 30, 2004 |
| 13 | October 24, 2005 |
| 14 | |
| 15 | Larson v. Schwarzenegger |
| 16 | Eastern District, 2:05-CV-0007-GEB-PAN |
| 17 | Dismissed without prejudice. |
| 18 | Tobacco ban. |
| 19 | January 3, 2005 |
| 20 | January 6, 2006 |
| 21 | |
| 22 | Larson v. |
| 23 | Eastern District, CIVS-05-0364-MCE-PAN |
| 24 | Dismissed |
| 25 | Tobacco cessation. |
| 26 | |
| 27 | |
| 28 | |

Larson v. Warden Castro

Eastern District, CIVS-01-488-DFL-JFM

Dismissed without prejudice

Canteen and packages

April 26, 2001

September 18, 2001

1 | Larson v. Schwarzenegger
2 | Eastern District, 2:06-CV-00940-GEB-GGH-PC
3 | Dismissed without prejudice.
4 | Tobacco ban.
5 |
6 | January 9, 2007
7 |
8 | Larson v. Warden Runnels
9 | Eastern District, 2:06-CV-1413-ALA
10 | Dismissed without prejudice.
11 | Tobacco ban.
12 | June 26, 2006
13 | January 24, 2008
14 |
15 | Larson v. Warden Runnels
16 | Eastern District, 2:06-CV-01794-GEB-DAD
17 | Dismissed without prejudice.
18 | Package theft 4th quarter 2006
19 | August 14, 2006
20 |
21 |
22 | Larson v. Warden Runnels
23 | Eastern District, 2:06-CV-01985-LKK-KJM
24 | Dismissed without prejudice.
25 | Treason / Primary Case
26 | September 9, 2006
27 | October 31, 2007
28 |

1 | Larson v. Warden Runnels
2 | Eastern District, 2:06-CV-01094-FCD-KJM
3 | Dismissed without prejudice.
4 | Access to yard.
5 | September 20, 2006
6 |
7 |
8 | Larson v. Warden Runnels
9 | Eastern District, 2:06-CV-02178-LKK-GGH
10 | Dismissed without prejudice.
11 | Transfer to Illinois.
12 | October 2, 2006
13 | May 8, 2007
14 |
15 |
16 | Larson v. McDonald
17 | Eastern District, 2:07-CV-0512-FCD-GGH-PC
18 | Dismissed without prejudice.
19 | Package theft 4th quarter 2006
20 | March 15, 2007
21 | April 1, 2008
22 |
23 | Larson v. M. Williams
24 | Eastern District, 2:07-CV-00631-MCE-GGH
25 | Dismissed without prejudice.
26 | Access to law library.
27 | April 2, 2007
28 | February 7, 2009

1    Larson v. Warden Runnels

2    Eastern District, 2:07-CV-00664-LKK-KJM

3    Dismissed without prejudice.

4    Transfer to CMC East.

5    April 6, 2007

6    December 28, 2007

7

8    Larson v. Warden Runnels

9    Eastern District, 2:07-CV-01041-GED-DAD

10    Dismissed without prejudice.

11    Church services.

12    June 4, 2007

13    September 7, 2007

14

15    Larson v. Counselor Patton

16    Eastern District, 2:07-CV-01043-FCD-JFM

17    Dismissed without prejudice.

18    Work assignment.

19    June 4, 2007

20    October 12, 2007

21

22    Larson v. Warden Runnels, et al.

23    Eastern District, 2:07-CV-01955-LEW-GGH

24    Dismissed without prejudice.

25    Transfer from H.D.S.P. to C.C.I.

26    September 20, 2007

27

1  Larson v. Warden Runnels, et al.

2  Eastern District,  2:07-CV-00806-FCD-DAD

3  Dismissed without prejudice.

4  Recall of commitment.

5  October 30, 2007

6  December 20, 2007

7

8  Larson v. Warden Runnels, et al.

9  Eastern District, CIVS-08-0348-MCE-KJM

10  Dismissed without prejudice.

11  Tobacco cessation.

12  February 15, 2008

13  February 22, 2008

14

15  Larson v. M. Dangler, et al.

16  Eastern District, 2:08-CV-01083-LKK-JFM

17  Dismissed without prejudice.

18  Grievance process.

19  May 29, 2008

20  August 21, 2008

21

22  Larson v. Warden Gonzales

23  Eastern District, 1:08-CV-00740-AWI-WMW-PC

24  Dismissed without prejudice.

25  Access to yard C.C.I.

26  May 29, 2008

27  October 15, 2008

28

1  Larson v. Warden Gonzales, et al.

2  Eastern District, 2:08-cv-00938-FCD-JFM

3  §1915A(b)

4

5  May 2, 2008

6  May 29, 2008

7

8  Larson v. Warden Gonzales, et al.

9  Eastern District, 2:08-cv-00960-JAM-KJM

10  §1915A(b)

11

12  May 5, 2008

13  Mat 15, 2008

14

15  Larson v. Warden Gonzales, et al.

16  Eastern District, 1:08-cv-00685-OWW-WMW

17  §1915A(b)

18  Confined in Ad-Seg in violation of due process

19  May 15, 2008

20  April 7, 2009

21

22  Larson v. Warden Gonzales, et al.

23  Eastern District, 1:08-cv-00871-LJO-WMW

24  Access to yard at C,C,I.

25  June 24, 2008

26  August 13, 2009

27

28

1  Larson v. Warden Gonzales, et al.

2  Eastern District, 1:08-cv-00998-DLB

3  §1915A(b)

4  Prison conditions 13 claims

5  July 14, 2008

6  June 8, 2009

7

8  Larson v. Warden Gonzales, et al.

9  Eastern District, 1:08-cv-00916-SMS-PC

10  §1915A(b)

11  Seminal fluid in food.

12  June 30, 2008

13  July 3, 2008

14

15  Larson v. Hanoian, et al.

16  Southern District, 3:13-cv-.01654-GPC-NLS

17  Count 1: Complaint not filed before preliminary hearing. Count 2: Excessive sentence

18  , identical case People v. Simons, (Cal.App. 1 Dist. 1996) 50 Cal.Rptr.2d351 (alleged

19  weapon screwdriver)

20  Dismissed without prejudice §1915(g)

21  July 11, 2013

22  October 7, 2013

23

24  Larson v. Rhodes, et al.

25  Eastern District, 1:09-cv-00342-OWW-YNP SMS

26

27  Denying application to proceed IFP pursuant to 28 U.S.C. §1915(g).

28

1  September 14, 2009

2

3  Larson v. Brown, et al.

4  Southern District, 3:16-cv-188-AJB-RBB

5  Priors that were more than 15 years old were used in calculating sentence.

6  1) barred by 28 U.S.C. §1915(g): 2) Dismisses civil action sua sponte without

7  prejudice for failing to prepay the $400...

8  May 16, 2016

9  May 20, 2016

10

11  Larson v. Moore, et al.

12  Southern District, 17-cv-01635-BAS-JMA

13  6 years 6 months on parole for burglary because of parole violations for under the

14  influence when reporting.

15  1) Barred by 28 U.S.C. §1915(g), 2) Dismissed without prejudice for failure to pay

16  the full statutory and administrative $400

17  August 11, 2017

18  August 25, 2017

19

20  Larson v. Barbara J. Wallace, et al.

21  Southern District, 3:17-cv-01135-JAH-JLB

22  Inconclusive stipulated polygraph test, 1 point short and would score in 6 point

23  truth range, request for second polygraph test denied.

24  Dismissed without prejudice for failure to pay the full statutory and administrative

25  $400 civil filing fee.

26  May 22, 2017

27  August 29, 2017

28

| 1 | Date | Agency | Charge | Disposition |
|---|------|--------|--------|-------------|
| 1 | 2-14-75 ? | Kenosha, WI PD | Aid and Abet ~~Armed Robbery~~ ~~1201~~ Unarmed Robbery §943.32(A) class C felony | 3 yrs Confinement, S reference pay prob 3 YW/1 yr P SPE in CJ. |
| 2 | 3-21-76 ? | Jcksnville Bch, FL PD | Prohibited Poss Marij. | Cvtd, $79. |
| 3 | 4-7-76 ? | Lake Cty IL SO Waukegan, Il. | Resist Peace Officer, Elude PO | ~~Imprisonment DOC~~ 45 days county jail |
| 4 | 4-8-77 ? | Tustin PD | HS 11364, Poss Drug Para. | 5-20-77, 36 mos prob; $300 fn plus $75 or 19 dys jl. |
| 5 | 10-6-77 ? | Long Bch PD | Warrant PC 459 Burglary | 10-28-77: Cvtd PC 459, ~~180 dys jl, 168 dys susp.~~ confined 10 months Camp Miraloma, Lancaster |
| 6 | 4-5-78 ? | Long Bch PC | PC 647(f), Drugs/Alcohol | M144160: 4-6-78 Cvtd 12 mos prob, 3 dys jl, $130 fn. |
| 7 | 10-6-79 | Unknown Kenosha, Wi. | Aid & Abet ~~Robbery~~ unarmed robbery | Cvtd, 3 Y (probation revoked) confinement. ~~2-13-81 paroled.~~ ? |
| 8 | 12-18-81 ? | Pensacola FL SO | GT Auto truck returned undamaged | 4-22-82 Cvtd GT Auto, 365 dys cfnmnt, 2 yrs prob $325 restit. 2 years restitution ctr. walkaway |
| 9 | ~~10-24-82~~ | ~~Kenosha, WI PD~~ | ~~Obstructing 4899 Brgly 2202.~~ | ~~Cvtd both Cts, $250 fn, $40 costs or 25 dys jl.~~ |
| 10 | 1-14-83 ? | ~~Unknown~~ Kenosha, Wi. | Attempted Brgly of county garage lug wrench returned | 3 yrs Cfnmnt/80 dys CJT. and 2 yrs for walkaway #8 sentenced 5 yrs total |
| 11 | 5-5-85 ? | Lake Cty SA, IL Waukegan, Il. | Thft Yamaha 750cc | Guilty ~~7 yrs DOC.~~ 7½ yrs DOC |
| 12 | 8-26-89 | ECPD | PC 459 Brgly | ECR 1658: 2-1-90 4 yrs St Prsn. |
| 13 | 9-11-89 | ECPD | PC 459 Brgly | ECR 1972: 2-2-90 4 yrs St Prsn. |
| 14 | 11-29-89 | SDSO | PC 4532(b) Escape W/O Force Descanso Detention Facility | ECR 2016: 2-2-90 8 months St Prsn consec. |

| | | | | |
|---|---|---|---|---|
| 15 | 5-29-93 | ECPD | PC 2800.2 Evade Peace Officer | ECR 7618: 6-16-93 2 yrs St Prsn. CMC East "C" Quad |
| 16 | 7-1-94 | CASD Crctns | Viol of Parole | To finish term. |
| 17 | 12-14-94 | CASD Crctns | Viol of Parole | To finish term. |
| 18 | 5-4-95 | CASD Crctns | Viol of Parole | To finish term. |
| 19 | 12-17-95 | ECPD | PC 148(a) Resisting/ Obstructing Peace Officer | C167334: 6-17-96 3 yrs S prob 19 dys jl; 12-1-90 prob rvkd rnstd; 2-2-99 prob rvkd rnstd; 6-2-99 prob rvkd rnstd trmntd. |
| 20 | 11-4-98 | ECPD | PC 148(a)(1) Resist/Obstruct Public Officer, PC 647(j) X 2, Unlawful Lodging | C194725: 2-2-99 3 yrs S prob 30 dys jl; 6-2-99 Prob rvkd rnstd trmntd. |
| 21 | 1-21-99 | ECPD | PC 647(j) Illegal Lodging | C195470: 3-22-99 FTA arraignmnt; 4-6-99 WI. |
| 22 | 2-19-99 | ECPD | PC 69 Obstruct/Resist Executive Officer; PC 417.8 Exhibit Firearm/Didn't resist arrest or use a firearm nor Deadly Wpn W/ alleged screwdriver Allegs. | SCE 195230: INSTANT OFFENSE. |

## PROBATION AND PAROLE:

SOURCES OF INFORMATION for this section

NCIC RECORD, 4-18-2000; ILLINOIS STATE POLICE CRIMINAL HISTORY RECORD
INFORMATION CONTAINED IN THE DISTRICT ATTORNEY FILE; SAN DIEGO COUNTY
DISTRICT ATTORNEY RECORD.

The defendant was returned as Parole Violator on several occasions.

Wis. stats. §943.32 defines robbery in the following mannor:

(1) Whoever, with intent to steal, takes property from the person or presence of the owner by either of the following means is guilty of a class C felony:
(a) By using force against the person of the owner with thereby to overcome his power of resistance to the taking or carrying away of the property; or
(2) By threatening imminent use of force against the person of the owner or of another who is present with thereby to compel the owner to acquience in the taking or carrying away of the property.
(2) Whoever violates Sub.(1) while armed with a dangerous weapon is guilty of a class B felony.

NCIC Record amendments:

#1. Petitioner didn't rob anyone. Suspect 1 told petitioner to steal something to drink when standing in front of the coolers and then walked over to the cashier, directly across from where petitioner was standing. Petitioner walked down the wall of coolers to the back of the store, didn't steal nothing. Cut up to the first isle twenty feet from cashier. Suspect 1 said give me the money. Cashier replied why should I give you any money. Suspect 1 pointed at petitioner and said he's got a gun. (Cashier and suspect 1 set petitioner up, it is plain by the remarks they made.) Petitioner replied no I don't, took his hands out of his pockets, and told the 3 suspects that petitioner is getting out of here and they better leave. Petitioner and 2 suspects ran for the door. Suspect 1 did not leave with us. Car would not start for 15 or 20 seconds. Suspect 1 got in the back seat. Arrested in Gurnee, Illinois. Suspect 1 throwed the $35.00 out the window. Money was returned. At police station the detective told petitioner that "I know you didn't have a gun." Pled guilty on 2-14-75 to unarmed robbery, Wis. Stats. §943.32(a). Sentenced 3 yrs confinement, S reference pay prob 3 YW/1 yr P SPE in CJ. Work release completed, should of terminated probation. Left state. Probation was transfered to Long Beach, California. Forgot address on returned papers. Could not find the probation office. (Got witnesses.) Called information and asked if they knew where the probation is and people on the street. 4:00pm suspect broke an apartment window. Petitioner fled saying don't go in. Arrested, questioned and released. 2 weeks later rearrested and

1.

pled guilty to _____ NCIC Record #5 shows burglary 459. Sentenced 1 year county jail, not 180 days jail or 168 days suspended. Wasn't contacted by probation office. Didn't know that I was still on probation. Years had passed since arriving in California in 1976. Employed as mechanic at Dale Brown Suzuki, clean up man at a Dodge Dealer in Long Beach and employed as mechanic at Boe's Yamaha in Oceanside. Arrested in Oceanside on 7-__-79 for not reporting. Petitioner had not been notified by letter from the probation department. Waited extradition for 90 days in Orange County jail and transported back to Kenosha, Wisconsin. Probation revocated, sentenced 3 years on 10-6-79 paroled 2-13-81. NCIC Record #7.

#10. Petitioner broke into a county building and borrowed a lug wrench to remove a flat tire. When the police arrived petitioner walked back to the building, returned the lug wrench. Sentenced 5 years, not 3 years.

#11. Petitioner stold a Yamaha 750cc that cost the owner $450.00 after he would not give petitioner the title for the 650cc Triumph that petitioner had paid him for. The 750cc Yamaha was returned to owner and the Triumph illegally.

#15. Petitioner was not sent to prison. Confined in CMC East State Mental Hospital C quad. Sports Healthcare Clinic diagnosed petitioner suffering from organic brain defect second to methamphetamine abuse. Receiving SSI benifits assigned payee 1992-1996. Discontinued because of intravenious methamphetamine use shown by being under the influence when reporting at El Cajon parole office.

#19. False charge. Petitioner was in prison on revocation for drug use.

#22. Petitioner did not commit the current offense and it is alleged that a small screwdriver was exhibited to resist arrest, not a firearm as said in NCIC Report.